## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARION TOWNSEND,                     *

Petitioner                               *

v                                         *       Civil Action No. JFM-17-1005
                                                (Related Crim. Case JFM-88-409)

UNITED STATES OF AMERICA,   *

Respondent                     *
                                        ***

### MEMORANDUM

On April 10, 2017, Marion Townsend filed a letter with this court asking that his 1988 conviction for conversion of property pledged to the Farm Credit Agency under 18 U.S.C. § 658 be expunged. ECF 1 (civil case); Req. Expunge, ECF 13 (crim. case). For the reasons outlined below, that request is DENIED and this case DISMISSED.

### DISCUSSION

On February 15, 1989, Mr. Townsend pleaded guilty to Count One of the indictment charging him with conversion of property pledged to the Farm Credit Agency in violation of 18 U.S.C. § 658. *See* Paper No. 8, *United States v. Townsend,* Criminal No. 88-cr-409 (D. Md.). On April 5, 1989, the court sentenced him to a year and one day. *Id.* Mr. Townsend indicates that has not "been in trouble with the law" since he completed the sentence in this case. He indicates that he enjoys teaching his grandchildren about hunting as hunting is a way of life and common form of recreation on the Eastern Shore of Maryland. *Id.* He states that in November of 2016, after purchasing a new gun, he was advised by representatives from the United States Department of Justice, Bureau of Alcohol, Tobacco and Firearms that his conviction in this case prohibits him from possessing a firearm. He asks that his criminal case be expunged or modified so that he may again lawfully possess firearms. *Id.*

There is no federal statute or regulation that gives district courts general authority to expunge convictions. There are a handful of federal statutes that give district courts specific authority to expunge convictions, but those statutes apply only in very narrow circumstances, none of which are present here. *See* 5 U.S.C. § 552a(d)(2) (allowing amendment of inaccurate public records); 18 U.S.C. § 3607(c) (allowing expungement of certain federal drug-possession offenses).

In the absence of an authorizing statute, a federal court has a limited equitable power to expunge convictions, and that power can be used only in "exceptional circumstances." *Allen* v. *Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *see also United States* v. *Noonan*, 906 F.2d 952, 956-57 (3rd Cir. 1990) (explaining that "a federal court has the inherent power to expunge an arrest and conviction record," but that "granting such relief is confined to extreme circumstances"). Thus, courts have found that expungement of a conviction is appropriate if "necessary to preserve basic legal rights," *Shipp* v. *Todd*, 568 F.2d 133, 143 (9th Cir. 1978) (quoting *United States* v. *McMains*, 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct, or when the record is simply inaccurate. *See Allen*, 742 F.2d at 154 (finding expungement inappropriate because the statute under which the defendant was tried was constitutional and there was no evidence of "irregularity" in the proceedings); *United States* v. *Scott*, 793 F.2d 117, 118 (5th Cir. 1986) (holding that a district court cannot expunge a conviction when "the validity of the original conviction is unquestioned"); *United States* v. *Gary*, 206 F. Supp. 2d 741, 741 (D. Md. 2002) (explaining that the court's power to expunge was "limited to [instances of] an *unlawful* arrest or conviction, or to correct a clerical error") (emphasis in original).

In this case, Mr. Townsend makes no showing that his conviction was obtained unconstitutionally or as a result of government misconduct, or that the record is merely a clerical error. Instead, he asks this court to expunge his conviction so that he may possess firearms with which he may hunt. However, Mr. Townsend pleaded guilty to the crime, thus underscoring the validity of the conviction. Accordingly. there are no exceptional circumstances to provide an appropriate basis for this court to expunge his conviction.

## CONCLUSION

For the reasons stated above, Mr. Townsend's Motion to Expunge is DENIED and this case is DISMISSED.

DATE: 6/12/12

J. Frederick Motz
United States District Judge